# EXHIBIT 13

# STATE OF NEW YORK

8992

# IN SENATE

June 11, 2018

Introduced by Sen. FLANAGAN -- read twice and ordered printed, and when printed to be committed to the Committee on Rules

AN ACT to amend the education law, in relation to annual professional performance review of classroom teachers and building principals; in relation to increasing the number of charters issued; to amend the executive law, in relation to expanding the scope of unlawful discriminatory practices to include public educational institutions; to amend subpart B of part AA of chapter 56 of the laws of 2014 amending the education law relating to providing that standardized test scores shall not be included on a student's permanent record, in relation to making such provisions permanent; to amend the education law, in relation to reducing the probationary period for assistants and other superintendents, teachers and other employees; and to repeal certain provisions of the education law relating thereto

THE PEOPLE OF THE STATE OF NEW YORK, REPRESENTED IN SENATE AND ASSEMBLY, DO ENACT AS FOLLOWS:

1   Section 1. Section 3012-c of the education law is REPEALED.
2   S 2. Section 3012-d of the education law is REPEALED.
3   S 3. The education law is amended by adding a new section 3012-b to
4 read as follows:
5   S 3012-B. ANNUAL PROFESSIONAL PERFORMANCE REVIEW OF CLASSROOM TEACHERS
6 AND BUILDING PRINCIPALS. 1. NOTWITHSTANDING ANY OTHER PROVISION OF LAW,
7 RULE OR REGULATION TO THE CONTRARY, THE ANNUAL PROFESSIONAL PERFORMANCE
8 REVIEWS OF ALL CLASSROOM TEACHERS AND BUILDING PRINCIPALS EMPLOYED BY
9 SCHOOL DISTRICTS OR BOARDS OF COOPERATIVE EDUCATIONAL SERVICES SHALL BE
10 CONDUCTED IN ACCORDANCE WITH THE PROVISIONS OF THIS SECTION.
11   2. ANNUAL PROFESSIONAL PERFORMANCE REVIEWS SHALL BE DETERMINED THROUGH
12 COLLECTIVE BARGAINING, PROVIDED HOWEVER THAT THE CONTENT OF SUCH ANNUAL
13 PROFESSIONAL PERFORMANCE REVIEWS SHALL COMPLY WITH THE PROVISIONS OF
14 SUBDIVISION FORTY-NINE OF SECTION THREE HUNDRED FIVE OF THIS CHAPTER AND
15 SHALL NOT UNNECESSARILY INCREASE THE AMOUNT OF TESTS STUDENTS ARE
16 REQUIRED TO TAKE IN A PARTICULAR SCHOOL YEAR. THE DEPARTMENT MAY ISSUE
17 GUIDELINES TO HELP SCHOOL DISTRICTS AND BOARDS OF COOPERATIVE EDUCA-

EXPLANATION--Matter in ITALICS (underscored) is new; matter in brackets [ ] is old law to be omitted.

LBD15921-12-8

S. 8992                                    2

1 TIONAL SERVICES DETERMINE THE CONTENT OF SUCH ANNUAL PROFESSIONAL
2 PERFORMANCE REVIEWS.
3    3. CLASSROOM TEACHERS AND BUILDING PRINCIPALS SHALL RECEIVE FINAL
4 ANNUAL PROFESSIONAL PERFORMANCE REVIEW RATINGS OF EITHER: (I) HIGHLY
5 EFFECTIVE; (II) EFFECTIVE; (III) DEVELOPING; OR (IV) INEFFECTIVE. THE
6 PROCESS AND PARAMETERS FOR DETERMINING EACH RATING SHALL BE DETERMINED
7 BY THE SCHOOL DISTRICT OR BOARD OF COOPERATIVE EDUCATIONAL SERVICES
8 THROUGH COLLECTIVE BARGAINING.
9    4. NOTWITHSTANDING ANY OTHER PROVISION OF LAW, RULE, OR REGULATION TO
10 THE CONTRARY UNTIL A SUCCESSOR COLLECTIVE BARGAINING AGREEMENT IS
11 ENTERED INTO, THE PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT IN
12 EFFECT ON THE EFFECTIVE DATE OF THIS SECTION RELATING TO ANNUAL PROFES-
13 SIONAL PERFORMANCE REVIEWS CONDUCTED PURSUANT TO FORMER SECTION THREE
14 THOUSAND TWELVE-D OF THIS ARTICLE SHALL REMAIN IN EFFECT.
15    5. NOTWITHSTANDING ANY OTHER PROVISION OF LAW, RULE OR REGULATION TO
16 THE CONTRARY, ALL COLLECTIVE BARGAINING AGREEMENTS ENTERED INTO AFTER
17 THE EFFECTIVE DATE OF THIS SECTION SHALL BE CONSISTENT WITH THE REQUIRE-
18 MENTS OF THIS SECTION, UNLESS THE AGREEMENT RELATES TO THE TWO THOUSAND
19 SEVENTEEN--TWO THOUSAND EIGHTEEN SCHOOL YEAR ONLY. NOTHING IN THIS
20 SECTION SHALL BE CONSTRUED TO ABROGATE ANY CONFLICTING PROVISIONS OF ANY
21 COLLECTIVE BARGAINING AGREEMENT IN EFFECT PRIOR TO THE EFFECTIVE DATE OF
22 THIS SECTION DURING THE TERM OF SUCH AGREEMENT AND UNTIL THE ENTRY INTO
23 A SUCCESSOR COLLECTIVE BARGAINING AGREEMENT, PROVIDED THAT NOTWITHSTAND-
24 ING ANY OTHER PROVISION OF LAW TO THE CONTRARY, UPON EXPIRATION OF SUCH
25 TERM AND THE ENTRY INTO A SUCCESSOR COLLECTIVE BARGAINING AGREEMENT THE
26 PROVISIONS OF THIS SECTION SHALL APPLY.
27    S 4. Subdivision 9 of section 2852 of the education law, as amended by
28 section 2 of subpart A of part B of chapter 20 of the laws of 2015, is
29 amended to read as follows:
30    9. The total number of charters issued pursuant to this article state-
31 wide shall not exceed four hundred sixty. (a) All charters issued on or
32 after July first, two thousand fifteen and counted toward the numerical
33 limits established by this subdivision shall be issued by the board of
34 regents upon application directly to the board of regents or on the
35 recommendation of the board of trustees of the state university of New
36 York pursuant to a competitive process in accordance with subdivision
37 nine-a of this section. [Fifty] NINETY PERCENT of such charters issued
38 ANNUALLY on or after [July first, two thousand fifteen,] THE EFFECTIVE
39 DATE OF THE CHAPTER OF THE LAWS OF TWO THOUSAND EIGHTEEN THAT AMENDED
40 THIS SUBDIVISION and no more, shall be granted to a charter for a school
41 to be located in a city having a population of one million or more. The
42 failure of any body to issue the regulations authorized pursuant to this
43 article shall not affect the authority of a charter entity to propose a
44 charter to the board of regents or the board of regents' authority to
45 grant such charter. A conversion of an existing public school to a char-
46 ter school, or the renewal or extension of a charter approved by any
47 charter entity, shall not be counted toward the numerical limits estab-
48 lisped by this subdivision.
49    (b) A charter that has been surrendered, revoked or terminated [on or
50 before July first, two thousand fifteen], including a charter that has
51 not been renewed by action of its charter entity, may be reissued pursu-
52 ant to paragraph (a) of this subdivision by the board of regents either
53 upon application directly to the board of regents or on the recommenda-
54 tion of the board of trustees of the state university of New York pursu-
55 ant to a competitive process in accordance with subdivision nine-a of
56 this section. Provided that such reissuance shall not be counted toward

S. 8992                              3

1  the statewide numerical limit established by this subdivision[, and
2  provided further that no more than twenty-two charters may be reissued
3  pursuant to this paragraph].
4     (c) For purposes of determining the total number of charters issued
5  within the numerical limits established by this subdivision, the
6  approval date of the charter entity shall be the determining factor.
7     (d) Notwithstanding any provision of this article to the contrary, any
8  charter authorized to be issued by chapter fifty-seven of the laws of
9  two thousand seven effective July first, two thousand seven, and that
10 remains unissued as of July first, two thousand fifteen, may be issued
11 pursuant to the provisions of law applicable to a charter authorized to
12 be issued by such chapter in effect as of June fifteenth, two thousand
13 fifteen[; provided however that nothing in this paragraph shall be
14 construed to increase the numerical limit applicable to a city having a
15 population of one million or more as provided in paragraph (a) of this
16 subdivision, as amended by a chapter of the laws of two thousand fifteen
17 which added this paragraph].
18    S 5. Subdivision 9 of section 2852 of the education law, as amended by
19 section 2 of subpart A of part B of chapter 20 of the laws of 2015, is
20 amended to read as follows:
21    9. The total number of charters issued pursuant to this article state-
22 wide shall not exceed [four] FIVE hundred sixty. (a) All charters issued
23 on or after July first, two thousand fifteen and counted toward the
24 numerical limits established by this subdivision shall be issued by the
25 board of regents upon application directly to the board of regents or on
26 the recommendation of the board of trustees of the state university of
27 New York pursuant to a competitive process in accordance with subdivi-
28 sion nine-a of this section. [Fifty of such charters issued on or after
29 July first, two thousand fifteen, and no more, shall be granted to a
30 charter for a school to be located in a city having a population of one
31 million or more.] The failure of any body to issue the regulations
32 authorized pursuant to this article shall not affect the authority of a
33 charter entity to propose a charter to the board of regents or the board
34 of regents' authority to grant such charter. A conversion of an existing
35 public school to a charter school, or the renewal or extension of a
36 charter approved by any charter entity, shall not be counted toward the
37 numerical limits established by this subdivision.
38    (b) A charter that has been surrendered, revoked or terminated [on or
39 before July first, two thousand fifteen], including a charter that has
40 not been renewed by action of its charter entity, may be reissued pursu-
41 ant to paragraph (a) of this subdivision by the board of regents either
42 upon application directly to the board of regents or on the recommenda-
43 tion of the board of trustees of the state university of New York pursu-
44 ant to a competitive process in accordance with subdivision nine-a of
45 this section. Provided that such reissuance shall not be counted toward
46 the statewide numerical limit established by this subdivision[, and
47 provided further that no more than twenty-two charters may be reissued
48 pursuant to this paragraph].
49    (c) For purposes of determining the total number of charters issued
50 within the numerical limits established by this subdivision, the
51 approval date of the charter entity shall be the determining factor.
52    (d) Notwithstanding any provision of this article to the contrary, any
53 charter authorized to be issued by chapter fifty-seven of the laws of
54 two thousand seven effective July first, two thousand seven, and that
55 remains unissued as of July first, two thousand fifteen, may be issued
56 pursuant to the provisions of law applicable to a charter authorized to

S. 8992                                          4

1  be issued by such chapter in effect as of June fifteenth, two thousand
2  fifteen[; provided however that nothing in this paragraph shall be
3  construed to increase the numerical limit applicable to a city having a
4  population of one million or more as provided in paragraph (a) of this
5  subdivision, as amended by a chapter of the laws of two thousand fifteen
6  which added this paragraph].
7    S 5-a. The opening paragraph of paragraph (a) of subdivision 9-a of
8  section 2852 of the education law, as amended by section 2 of subpart A
9  of part B of chapter 20 of the laws of 2015, is amended to read as
10 follows:
11   The board of regents is hereby authorized and directed to issue [four]
12 FIVE hundred sixty charters statewide upon either applications submitted
13 directly to the board of regents or upon the recommendation of the board
14 of trustees of the state university of New York pursuant to a compet-
15 itive request for proposals process.
16   S 6. Subdivision 2 of section 3204 of the education law, as amended by
17 section 1 of part SSS of chapter 59 of the laws of 2018, is amended to
18 read as follows:
19   2. Quality and language of instruction; text-books. (i) Instruction
20 may be given only by a competent teacher. In the teaching of the
21 subjects of instruction prescribed by this section, English shall be the
22 language of instruction, and text-books used shall be written in
23 English, except that for a period of three years, which period may be
24 extended by the commissioner with respect to individual pupils, upon
25 application therefor by the appropriate school authorities, to a period
26 not in excess of six years, from the date of enrollment in school,
27 pupils who, by reason of foreign birth or ancestry have limited English
28 proficiency, shall be provided with instructional programs as specified
29 in subdivision two-a of this section and the regulations of the commis-
30 sioner. The purpose of providing such pupils with instruction shall be
31 to enable them to develop academically while achieving competence in the
32 English language. Instruction given to a minor elsewhere than at a
33 public school shall be at least substantially equivalent to the instruc-
34 Lion given to minors of like age and attainments at the public schools
35 of the city or district where the minor resides.
36   (ii) For purposes of considering substantial equivalence pursuant to
37 this subdivision for nonpublic elementary and middle schools that are:
38 (1) non-profit corporations, (2) have a bi-lingual program, and (3) have
39 an educational program that extends from no later than nine a.m. until
40 no earlier than four p.m. for grades one through [three, and no earlier
41 than five thirty p.m. for grades four through] eight, on the majority of
42 weekdays TO MEET THE REQUIREMENTS OF THIS SECTION, the department shall
43 consider the following, but not limited to: if the curriculum provides
44 academically rigorous instruction that develops critical thinking skills
45 in the school's students, taking into account the entirety of the
46 curriculum, over the course of elementary and middle school, including
47 instruction in English [that will] TO prepare pupils to read fiction and
48 nonfiction text for information and to use that information to construct
49 written essays that state a point of view or support an argument;
50 instruction in mathematics [that will] TO prepare pupils to solve real
51 world problems using both number sense and fluency with mathematical
52 functions and operations; instruction in history [by being able] TO
53 PREPARE PUPILS to interpret and analyze primary text to identify and
54 explore important events in history, to construct written arguments
55 using the supporting information they get from primary source material,
56 demonstrate an understating of the role of geography and economics in

1 the actions of world civilizations, and an understanding of civics and
2 the responsibilities of citizens in world communities; and instruction
3 in science [by learning] TO TEACH PUPILS how to gather, analyze and
4 interpret observable data to make informed decisions and solve problems
5 mathematically, using deductive and inductive reasoning to support a
6 hypothesis, and how to differentiate between correlational and causal
7 relationships.
8     (iii) For purposes of considering substantial equivalence pursuant to
9 this subdivision for nonpublic high schools that: (1) are established
10 for pupils in high school who have graduated from an elementary school
11 that provides instruction as described in this section, (2) are a non-
12 profit corporation, (3) have a bi-lingual program, and (4) have an
13 educational program that extends from no later than nine a.m. until no
14 earlier than [six] FOUR-THIRTY p.m. on the majority of weekdays TO MEET
15 THE REQUIREMENTS OF THIS SECTION the department shall consider the
16 following but not limited to: if the curriculum provides academically
17 rigorous instruction that develops critical thinking skills in the
18 school's students, the outcomes of which, taking into account the
19 entirety of the curriculum, result in a sound basic education.
20    (iv) Nothing herein shall be construed to entitle or permit any school
21 to receive an increase in mandated services aid pursuant to 8 NYCRR 176
22 on account of providing a longer school day.
23    (v) [The commissioner shall be the entity that determines whether
24 nonpublic elementary and secondary schools are in compliance with the
25 academic requirements set forth in paragraphs (ii) and (iii) of this
26 subdivision.] IN DETERMINING COMPLIANCE WITH THE ACADEMIC REQUIREMENTS
27 SET FORTH IN PARAGRAPHS (II) AND (III) OF THIS SUBDIVISION, THE COMMIS-
28 SIONER SHALL DESIGNATE AN ENTITY OR ENTITIES WITH EXPERTISE IN THE
29 CURRICULUM OF THE SCHOOLS DESCRIBED IN PARAGRAPHS (II) AND (III) OF THIS
30 SUBDIVISION TO EVALUATE THE SCHOOLS' COMPLIANCE WITH SAID REQUIREMENTS,
31 AND SHALL DEFER TO SUCH ENTITY'S EXPERTISE IN MAKING SUCH EVALUATION.
32    (VI) FOR PURPOSES OF DETERMINING COMPLIANCE WITH THE ACADEMIC REQUIRE-
33 MENTS SET FORTH IN PARAGRAPHS (II) AND (III) OF THIS SUBDIVISION, THE
34 DETERMINATION SHALL BE BASED SOLELY ON TEACHING THE ENUMERATED CRITERIA
35 CONTAINED THEREIN; PROVIDED, HOWEVER, THAT NOTHING IN THIS PARAGRAPH
36 SHALL PROHIBIT SCHOOLS FROM PROVIDING INSTRUCTION IN AREAS NOT ENUMER-
37 ATED WITHIN PARAGRAPHS (II) AND (III) OF THIS SUBDIVISION.
38    (VII) UPON A FINDING OF NON-COMPLIANCE THE FOLLOWING STEPS MAY BE
39 TAKEN:
40    (A) THE COMMISSIONER MAY ISSUE A REPORT RECOMMENDING CORRECTIVE
41 ACTIONS TO SATISFY THE ACADEMIC REQUIREMENTS ESTABLISHED HEREIN.
42    (B) SUCH SCHOOL MAY ACCEPT AND IMPLEMENT THE RECOMMENDED CORRECTIVE
43 ACTIONS OR ESTABLISH ITS OWN PLAN FOR RESOLVING THE STATED DEFICIENCIES,
44 AND BE AFFORDED ADEQUATE TIME TO IMPLEMENT SUCH CORRECTIVE ACTIONS. UPON
45 FAILURE OF A SCHOOL TO REMEDY THE NON-COMPLIANCE, THE COMMISSIONER MAY
46 DEEM THE SCHOOL'S CURRICULUM TO BE DEFICIENT AND PLACE THE SCHOOL ON
47 PROBATION FOR A PERIOD OF ONE YEAR. DURING SUCH PROBATIONARY PERIOD THE
48 SCHOOL SHALL BE REQUIRED TO RETAIN AND WORK WITH A CURRICULUM SPECIALIST
49 TO FURTHER ADDRESS AND RESOLVE THE DEFICIENCIES AND SHALL BE SUBJECT TO
50 FURTHER AND PERIODIC MONITORING BY THE COMMISSIONER UNTIL THE DEFICIEN-
51 CIES ARE RESOLVED PURSUANT TO THIS SUBDIVISION.
52    (C) IF A SCHOOL IS DEEMED NOT TO BE IN COMPLIANCE AFTER THE PROBATION-
53 ARY PERIOD DESCRIBED ABOVE, THE COMMISSIONER SHALL INFORM PARENTS OF
54 STUDENTS ENROLLED IN SUCH SCHOOL THAT THE INSTRUCTION PROVIDED BY THE
55 SCHOOL WAS DETERMINED NOT TO BE IN COMPLIANCE.

S. 8992                                6

1    S 7. Section 292 of the executive law is amended by adding a new
2  subdivision 35 to read as follows:
3    35. THE TERM "EDUCATIONAL INSTITUTION" SHALL MEAN:
4    (A) ANY EDUCATION CORPORATION OR ASSOCIATION WHICH HOLDS ITSELF OUT TO
5  THE PUBLIC TO BE NON-SECRETARIAN AND EXEMPT FROM TAXATION PURSUANT TO
6  THE PROVISIONS OF ARTICLE FOUR OF THE REAL PROPERTY TAX LAW; OR
7    (B) ANY PUBLIC SCHOOL, INCLUDING ANY SCHOOL DISTRICT, BOARD OF COOPER-
8  ATIVE EDUCATION SERVICES, PUBLIC COLLEGE OR PUBLIC UNIVERSITY.
9    S 8. Subdivision 4 of section 296 of the executive law, as amended by
10 chapter 106 of the laws of 2003, is amended to read as follows:
11   4. It shall be an unlawful discriminatory practice for an [education
12 corporation or association which holds itself out to the public to be
13 non-sectarian and exempt from taxation pursuant to the provisions of
14 article four of the real property tax law] EDUCATIONAL INSTITUTION to
15 deny the use of its facilities to any person otherwise qualified, or to
16 permit the harassment of any student or applicant, by reason of his
17 race, color, religion, disability, national origin, sexual orientation,
18 military status, sex, age or marital status, except that any such insti-
19 tution which establishes or maintains a policy of educating persons of
20 one sex exclusively may admit students of only one sex.
21   S 9. Section 2 of subpart B of part AA of chapter 56 of the laws of
22 2014 amending the education law relating to providing that standardized
23 test scores shall not be included on a student's permanent record, as
24 amended by section 35 of part CCC of chapter 59 of the laws of 2018, is
25 amended to read as follows:
26   S 2. This act shall take effect immediately [and shall expire and be
27 deemed repealed on December 31, 2019].
28   S 10. Subdivisions 1 and 2 of section 2509 of the education law,
29 subdivision 1 as amended by chapter 116 of the laws of 1971, paragraphs
30 (a) and (b) of subdivision 1 as amended by section 1 and subdivision 2
31 as amended by section 2 of subpart D of part EE of chapter 56 of the
32 laws of 2015, are amended to read as follows:
33   1. (a) i. Teachers and all other members of the teaching staff
34 appointed prior to July first, two thousand fifteen and authorized by
35 section twenty-five hundred three of this article, shall be appointed by
36 the board of education, upon the recommendation of the superintendent of
37 schools, for a probationary period of three years, except that in the
38 case of a teacher who has rendered satisfactory service as a regular
39 substitute for a period of two years or as a seasonally licensed per
40 session teacher of swimming in day schools who has served in that capac-
41 ity for a period of two years and has been appointed to teach the same
42 subject in day schools on an annual salary, the probationary period
43 shall be limited to one year; provided, however, that in the case of a
44 teacher who has been appointed on tenure in another school district
45 within the state, the school district where currently employed, or a
46 board of cooperative educational services, and who was not dismissed
47 from such district or board as a result of charges brought pursuant to
48 subdivision one of section three thousand twenty-a of this chapter, the
49 probationary period shall not exceed two years. The service of a person
50 appointed to any of such positions may be discontinued at any time
51 during such probationary period, on the recommendation of the super-
52 intendent of schools, by a majority vote of the board of education. Each
53 person who is not to be recommended for appointment on tenure shall be
54 so notified by the superintendent of schools in writing not later than
55 sixty days immediately preceding the expiration of his probationary
56 period.

1    ii. Notwithstanding any other provision of law or regulation to the
2  contrary, teachers and all other members of the teaching staff appointed
3  on or after July first, two thousand fifteen and authorized by section
4  twenty-five hundred three of this article, shall be appointed by the
5  board of education, upon the recommendation of the superintendent of
6  schools, for a probationary period of [four] THREE years, except that in
7  the case of a teacher who has rendered satisfactory service as a regular
8  substitute for a period of two years and, if a classroom teacher, has
9  received composite annual professional performance review ratings in
10  each of those years, or has rendered satisfactory service as a
11  seasonally licensed per session teacher of swimming in day schools who
12  has served in that capacity for a period of two years and has been
13  appointed to teach the same subject in day schools on an annual salary,
14  the teacher shall be appointed for a probationary period of two years;
15  provided, however, that in the case of a teacher who has been appointed
16  on tenure in another school district within the state, the school
17  district where currently employed, or a board of cooperative educational
18  services, and who was not dismissed from such district or board as a
19  result of charges brought pursuant to subdivision one of section three
20  thousand twenty-a or section three thousand twenty-b of this chapter,
21  the teacher shall be appointed for a probationary period of [three] TWO
22  years; provided that the teacher demonstrates that he or she received an
23  annual professional performance review rating pursuant to section [three
24  thousand twelve-c or section three thousand twelve-d] THREE THOUSAND
25  TWELVE-B of this chapter in his or her final year of service in such
26  other school district or board of cooperative educational services. The
27  service of a person appointed to any of such positions may be discontin-
28  ued at any time during such probationary period, on the recommendation
29  of the superintendent of schools, by a majority vote of the board of
30  education. Each person who is not to be recommended for appointment on
31  tenure shall be so notified by the superintendent of schools in writing
32  not later than sixty days immediately preceding the expiration of
33  his/her probationary period.
34    (b) i. Administrators, directors, supervisors, principals and all
35  other members of the supervising staff, except associate, assistant and
36  other superintendents appointed prior to July first, two thousand
37  fifteen and authorized by section twenty-five hundred three of this
38  article, shall be appointed by the board of education, upon the recom-
39  mendation of the superintendent of schools for a probationary period of
40  three years. The service of a person appointed to any of such positions
41  may be discontinued at any time during the probationary period on the
42  recommendation of the superintendent of schools, by a majority vote of
43  the board of education.
44    ii. Notwithstanding any other provision of law or regulation to the
45  contrary, administrators, directors, supervisors, principals and all
46  other members of the supervising staff, except associate, assistant and
47  other superintendents, appointed on or after July first, two thousand
48  fifteen and authorized by section twenty-five hundred three of this
49  article, shall be appointed by the board of education, upon the recom-
50  mendation of the superintendent of schools for a probationary period of
51  [four] THREE years. The service of a person appointed to any of such
52  positions may be discontinued at any time during the probationary period
53  on the recommendation of the superintendent of schools, by a majority
54  vote of the board of education.
55    2. a. At the expiration of the probationary term of any persons
56  appointed for such term prior to July first, two thousand fifteen, or

1 within six months prior thereto, the superintendent of schools shall
2 make a written report to the board of education recommending for
3 appointment on tenure those persons who have been found competent, effi-
4 cient and satisfactory. By a majority vote the board of education may
5 then appoint on tenure any or all of the persons recommended by the
6 superintendent of schools. Such persons and all others employed in the
7 teaching service of the schools of such school district who have served
8 the full probationary period shall hold their respective positions
9 during good behavior and efficient and competent service, and shall not
10 be removable except for cause after a hearing as provided by section
11 three thousand twenty-a or section three thousand twenty-b of this chap-
12 ter. Failure to maintain certification as required by this chapter and
13 the regulations of the commissioner shall constitute cause for removal.
14     b. For persons appointed on or after July first, two thousand fifteen,
15 at the expiration of the probationary term of any persons appointed for
16 such term, or within six months prior thereto, the superintendent of
17 schools shall make a written report to the board of education recommend-
18 ing for appointment on tenure those persons who have been found compe-
19 tent, efficient and satisfactory and in the case of a classroom teacher
20 or building principal, who have received annual professional performance
21 review ratings pursuant to section [three thousand twelve-c or section
22 three thousand twelve-d] THREE THOUSAND TWELVE-B of this chapter, of
23 either effective or highly effective in at least [three] TWO of the
24 [four] THREE preceding years, exclusive of any breaks in service;
25 provided that, notwithstanding any other provision of this section to
26 the contrary, when a teacher or principal receives an effective or high-
27 ly effective rating in each year of his or her probationary service
28 except he or she receives an ineffective rating in the final year of his
29 or her probationary period, such teacher or principal shall not be
30 eligible for tenure but the board of education in its discretion, may
31 extend the teacher's probationary period for an additional year;
32 provided, however, that if such teacher or principal successfully
33 appealed such ineffective rating, such teacher or principal shall imme-
34 diately be eligible for tenure if the rating resulting from the appeal
35 established that such individual has been effective or highly effective
36 in at least [three] TWO of the preceding [four] THREE years and was not
37 ineffective in the final year. By a majority vote, the board of educa-
38 tion may then appoint on tenure any or all of the persons recommended by
39 the superintendent of schools. At the expiration of the probationary
40 period, the classroom teacher or building principal shall remain in
41 probationary status until the end of the school year in which such
42 teacher or principal has received such ratings of effective or highly
43 effective for at least [three] TWO of the [four] THREE preceding school
44 years exclusive of any breaks in service and subject to the terms here-
45 of, during which time a board of education shall consider whether to
46 grant tenure for those classroom teachers or building principals who
47 otherwise have been found competent, efficient and satisfactory.
48 Provided, however, that the board of education may grant tenure contin-
49 gent upon a classroom teacher's or building principal's receipt of a
50 minimum rating in the final year of the probationary period, pursuant to
51 the requirements of this section, and if such contingency is not met
52 after all appeals have been exhausted, the grant of tenure shall be void
53 and unenforceable and the teacher's or principal's probationary period
54 may be extended in accordance with this subdivision. Such persons who
55 have been recommended for tenure and all others employed in the teaching
56 service of the schools of such school district who have served the full

1 probationary period as extended pursuant to this subdivision shall hold
2 their respective positions during good behavior and efficient and compe-
3 tent service, and shall not be removable except for cause after a hear-
4 ing as provided by section three thousand twenty-a or section three
5 thousand twenty-b of this chapter. Failure to maintain certification as
6 required by this chapter and the regulations of the commissioner shall
7 constitute cause for removal.
8    S 11. Subdivision 1, paragraph (b) of subdivision 5, and paragraph (b)
9 of subdivision 6 of section 2573 of the education law, subdivision 1 as
10 amended, paragraph (b) of subdivision 5 and paragraph (b) of subdivision
11 6 as added by section 3 of subpart D of part EE of chapter 56 of the
12 laws of 2015, are amended to read as follows:
13    1. (a) i. Teachers and all other members of the teaching staff,
14 appointed prior to July first, two thousand fifteen and authorized by
15 section twenty-five hundred fifty-four of this article, shall be
16 appointed by the board of education, upon the recommendation of the
17 superintendent of schools, for a probationary period of three years,
18 except that in the case of a teacher who has rendered satisfactory
19 service as a regular substitute for a period of two years or as a
20 seasonally licensed per session teacher of swimming in day schools who
21 has served in that capacity for a period of two years and has been
22 appointed to teach the same subject in day schools on an annual salary,
23 the probationary period shall be limited to one year; provided, however,
24 that in the case of a teacher who has been appointed on tenure in anoth-
25 er school district within the state, the school district where currently
26 employed, or a board of cooperative educational services, and who was
27 not dismissed from such district or board as a result of charges brought
28 pursuant to subdivision one of section three thousand twenty-a or
29 section three thousand twenty-b of this chapter, the probationary period
30 shall not exceed two years; provided, however, that in cities with a
31 population of one million or more, a teacher appointed under a newly
32 created license, for teachers of reading and of the emotionally hand-
33 icapped, to a position which the teacher has held for at least two years
34 prior to such appointment while serving on tenure in another license
35 area who was not dismissed as a result of charges brought pursuant to
36 subdivision one of section three thousand twenty-a or section three
37 thousand twenty-b of this chapter, the probationary period shall be one
38 year. The service of a person appointed to any of such positions may be
39 discontinued at any time during such probationary period, on the recom-
40 mendation of the superintendent of schools, by a majority vote of the
41 board of education. Each person who is not to be recommended for
42 appointment on tenure shall be so notified by the superintendent of
43 schools in writing not later than sixty days immediately preceding the
44 expiration of his or her probationary period. In city school districts
45 having a population of four hundred thousand or more, persons with
46 licenses obtained as a result of examinations announced subsequent to
47 the twenty-second day of May, nineteen hundred sixty-nine appointed upon
48 conditions that all announced requirements for the position be fulfilled
49 within a specified period of time, shall not acquire tenure unless and
50 until such requirements have been completed within the time specified
51 for the fulfillment of such requirements, notwithstanding the expiration
52 of any probationary period. In all other city school districts subject
53 to the provisions of this article, failure to maintain certification as
54 required by this article and by the regulations of the commissioner
55 shall be cause for removal within the meaning of subdivision five of
56 this section.

S. 8992                                    10

1    ii. Teachers and all other members of the teaching staff appointed on
2  or after July first, two thousand fifteen and authorized by section
3  twenty-five hundred fifty-four of this article, shall be appointed by
4  the board of education, upon the recommendation of the superintendent of
5  schools, for a probationary period of [four] THREE years, except that in
6  the case of a teacher who has rendered satisfactory service as a regular
7  substitute for a period of two years and, if a classroom teacher, has
8  received annual professional performance review ratings in each of those
9  years, or has rendered satisfactory service as a seasonally licensed per
10 session teacher of swimming in day schools who has served in that capac-
11 ity for a period of two years and has been appointed to teach the same
12 subject in day schools on an annual salary, the teacher shall be
13 appointed for a probationary period of two years; provided, however,
14 that in the case of a teacher who has been appointed on tenure in anoth-
15 er school district within the state, the school district where currently
16 employed, or a board of cooperative educational services, and who was
17 not dismissed from such district or board as a result of charges brought
18 pursuant to subdivision one of section three thousand twenty-a or
19 section three thousand twenty-b of this chapter, the teacher shall be
20 appointed for a probationary period of [three] TWO years; provided that,
21 in the case of a classroom teacher, the teacher demonstrates that he or
22 she received an annual professional performance review rating pursuant
23 to section [three thousand twelve-c or section three thousand twelve-d]
24 THREE THOUSAND TWELVE-B of this chapter in his or her final year of
25 service in such other school district or board of cooperative educa-
26 tional services; provided, however, that in cities with a population of
27 one million or more, a teacher appointed under a newly created license,
28 for teachers of reading and of the emotionally handicapped, to a posi-
29 tion which the teacher has held for at least two years prior to such
30 appointment while serving on tenure in another license area who was not
31 dismissed as a result of charges brought pursuant to subdivision one of
32 section three thousand twenty-a or section three thousand twenty-b of
33 this chapter, the teacher shall be appointed for a probationary period
34 of two years. The service of a person appointed to any of such positions
35 may be discontinued at any time during such probationary period, on the
36 recommendation of the superintendent of schools, by a majority vote of
37 the board of education.   Each person who is not to be recommended for
38 appointment on tenure shall be so notified by the superintendent of
39 schools in writing not later than sixty days immediately preceding the
40 expiration of his or her probationary period. In all city school
41 districts subject to the provisions of this article, failure to maintain
42 certification as required by this article and by the regulations of the
43 commissioner shall be cause for removal within the meaning of subdivi-
44 sion five of this section.
45    (b) i. Administrators, directors, supervisors, principals and all
46 other members of the supervising staff, except executive directors,
47 associate, assistant, district and community superintendents and examin-
48 ers, appointed prior to July first, two thousand fifteen and authorized
49 by section twenty-five hundred fifty-four of this article, shall be
50 appointed by the board of education, upon the recommendation of the
51 superintendent or chancellor of schools, for a probationary period of
52 three years. The service of a person appointed to any of such positions
53 may be discontinued at any time during the probationary period on the
54 recommendation of the superintendent of schools, by a majority vote of
55 the board of education.

1      ii. Administrators, directors, supervisors, principals and all other
2    members of the supervising staff, except executive directors, associate,
3    assistant, district and community superintendents and examiners, are
4    appointed on or after July first, two thousand fifteen and authorized by
5    section twenty-five hundred fifty-four of this article, shall be
6    appointed by the board of education, upon the recommendation of the
7    superintendent or chancellor of schools, for a probationary period of
8    [four] THREE  years provided that such probationary period may be
9    extended in accordance with paragraph (b) of subdivision five of this
10   section. The service of a person appointed to any of such positions may
11   be discontinued at any time during the probationary period on the recom-
12   mendation of the superintendent of schools, by a majority vote of the
13   board of education.
14      (b) At the expiration of the probationary term of any persons
15   appointed for such term on or after July first, two thousand fifteen,
16   the superintendent of schools shall make a written report to the board
17   of education recommending for permanent appointment those persons who
18   have been found competent, efficient and satisfactory and, in the case
19   of a classroom teacher or building principal, who have received compos-
20   ite annual professional performance review ratings pursuant to section
21   [three thousand twelve-c or section three thousand twelve-d] THREE THOU-
22   SAND  TWELVE-B  of this chapter, of either effective or highly effective
23   in at least [three] TWO of the [four] THREE preceding years, exclusive
24   of any breaks in service; provided that, notwithstanding any other
25   provision of this section to the contrary, when a teacher or principal
26   receives an effective and/or highly effective rating in each year of his
27   or her probationary service except he or she receives an ineffective
28   rating in the final year of his or her probationary period, such teacher
29   or principal shall not be eligible for tenure but the board of education
30   in its discretion, may extend the teacher's probationary period for an
31   additional year; provided, however, that if such teacher or principal
32   successfully appealed such ineffective rating, such teacher or principal
33   shall immediately be eligible for tenure if the rating resulting from
34   the appeal established that such individual has been effective or highly
35   effective in at least [three] TWO of the preceding [four] THREE years.
36   At the expiration of the probationary period, the classroom teacher or
37   building principal shall remain in probationary status until the end of
38   the school year in which such teacher or principal has received such
39   ratings of effective or highly effective for at least [three] TWO of the
40   [four]  THREE preceding school years, exclusive of any breaks in service
41   and subject to the terms hereof, during which time a board of education
42   shall consider whether to grant tenure for those classroom teachers or
43   building principals who otherwise have been found competent, efficient
44   and satisfactory. Provided, however, that the board of education may
45   grant tenure contingent upon a classroom teacher's or building princi-
46   pal's receipt of a minimum rating in the final year of the probationary
47   period, pursuant to the requirements of this section, and if such
48   contingency is not met after all appeals have been exhausted, the grant
49   of tenure shall be void and unenforceable and the teacher's or princi-
50   pal's probationary period may be extended in accordance with this subdi-
51   vision. Such persons who have been recommended for tenure and all others
52   employed in the teaching service of the schools of such school district
53   who have served the full probationary period as extended pursuant to
54   this subdivision shall hold their respective positions during good
55   behavior and efficient and competent service, and shall not be removable
56   except for cause after a hearing as provided by section three thousand

1  twenty-a or section three thousand twenty-b of this chapter. Failure to
2  maintain certification as required by this chapter and the regulations
3  of the commissioner shall constitute cause for removal.
4     (b) At the expiration of the probationary term of any persons
5  appointed for such term on or after July first, two thousand fifteen,
6  the superintendent of schools shall make a written report to the board
7  of education recommending for permanent appointment those persons who
8  have been found competent, efficient and satisfactory and, in the case
9  of a classroom teacher or building principal, who have received compos-
10 ite annual professional performance review ratings pursuant to section
11 [three thousand twelve-c or section three thousand twelve-d] THREE THOU-
12 SAND TWELVE-B of this chapter, of either effective or highly effective
13 in at least [three] TWO of the [four] THREE preceding years, exclusive
14 of any breaks in service; provided that, notwithstanding any other
15 provision of this section to the contrary, when a teacher receives an
16 effective and/or highly effective rating in each year of his or her
17 probationary service except he or she receives an ineffective rating in
18 the final year of his or her probationary period, such teacher or prin-
19 cipal shall not be eligible for tenure but the board of education in its
20 discretion, may extend the teacher's probationary period for an addi-
21 tional year; provided, however, that if such teacher or principal
22 successfully appealed such ineffective rating, such teacher or principal
23 shall immediately be eligible for tenure if the rating resulting from
24 the appeal established that such individual has been effective or highly
25 effective in at least [three] TWO of the preceding [four] THREE years
26 and was not ineffective in the final year. At the expiration of the
27 probationary period, the classroom teacher or building principal shall
28 remain in probationary status until the end of the school year in which
29 such teacher or principal has received such ratings of effective or
30 highly effective for at least [three] TWO of the [four] THREE preceding
31 school years, exclusive of any breaks in service and subject to the
32 terms hereof, during which time a board of education shall consider
33 whether to grant tenure for those classroom teachers or building princi-
34 pals who otherwise have been found competent, efficient and satisfac-
35 tory. Provided, however, that the board of education may grant tenure
36 contingent upon a classroom teacher's or building principal's receipt of
37 a minimum rating in the final year of the probationary period, pursuant
38 to the requirements of this section, and if such contingency is not met
39 after all appeals have been exhausted, the grant of tenure shall be void
40 and unenforceable and the teacher's or principal's probationary period
41 may be extended in accordance with this subdivision. Such persons who
42 have been recommended for tenure and all others employed in the teaching
43 service of the schools of such school district who have served the full
44 probationary period as extended pursuant to this subdivision shall hold
45 their respective positions during good behavior and efficient and compe-
46 tent service, and shall not be removable except for cause after a hear-
47 ing as provided by section three thousand twenty-a or section three
48 thousand twenty-b of this chapter. Failure to maintain certification as
49 required by this chapter and the regulations of the commissioner shall
50 constitute cause for removal.
51    S 12. Subparagraph ii of paragraph (a) of subdivision 1, subparagraph
52 ii of paragraph (b) of subdivision 1, and paragraph (b) of subdivision 2
53 of section 3012 of the education law, as amended by section 4 of subpart
54 D of part EE of chapter 56 of the laws of 2015, are amended to read as
55 follows:

```
 1    ii. Teachers and all other members of the teaching staff of school
 2 districts, including common school districts and/or school districts
 3 employing fewer than eight teachers, other than city school districts,
 4 who are appointed on or after July first, two thousand fifteen, shall be
 5 appointed by the board of education, or the trustees of common school
 6 districts, upon the recommendation of the superintendent of schools, for
 7 a probationary period of [four] THREE years, except that in the case of
 8 a teacher who has rendered satisfactory service as a regular substitute
 9 for a period of two years and, if a classroom teacher, has received
10 annual professional performance review ratings in each of those years,
11 or has rendered satisfactory service as a seasonally licensed per
12 session teacher of swimming in day schools who has served in that capac-
13 ity for a period of two years and has been appointed to teach the same
14 subject in day schools, on an annual salary, the teacher shall be
15 appointed for a probationary period of two years; provided, however,
16 that in the case of a teacher who has been appointed on tenure in anoth-
17 er school district within the state, the school district where currently
18 employed, or a board of cooperative educational services, and who was
19 not dismissed from such district or board as a result of charges brought
20 pursuant to subdivision one of section three thousand twenty-a or
21 section three thousand twenty-b of this article, the teacher shall be
22 appointed for a probationary period of [three] TWO years; provided that,
23 in the case of a classroom teacher, the teacher demonstrates that he or
24 she received an annual professional performance review rating pursuant
25 to section [three thousand twelve-c or section three thousand twelve-d]
26 THREE THOUSAND TWELVE-B of this [chapter] ARTICLE in his or her final
27 year of service in such other school district or board of cooperative
28 educational services. The service of a person appointed to any of such
29 positions may be discontinued at any time during such probationary peri-
30 od, on the recommendation of the superintendent of schools, by a majori-
31 ty vote of the board of education or the trustees of a common school
32 district.
33    ii. Principals, administrators, supervisors and all other members of
34 the supervising staff of school districts, including common school
35 districts and/or school districts employing fewer than eight teachers,
36 other than city school districts, who are appointed on or after July
37 first, two thousand fifteen, shall be appointed by the board of educa-
38 tion, or the trustees of a common school district, upon the recommenda-
39 tion of the superintendent of schools for a probationary period of
40 [four] THREE years. The service of a person appointed to any of such
41 positions may be discontinued at any time during the probationary period
42 on the recommendation of the superintendent of schools, by a majority
43 vote of the board of education or the trustees of a common school
44 district.
45    (b) At the expiration of the probationary term of a person appointed
46 for such term on or after July first, two thousand fifteen, subject to
47 the conditions of this section, the superintendent of schools shall make
48 a written report to the board of education or the trustees of a common
49 school district recommending for appointment on tenure those persons who
50 have been found competent, efficient and satisfactory and, in the case
51 of a classroom teacher or building principal, who have received compos-
52 ite annual professional performance review ratings pursuant to section
53 [three thousand twelve-c or section three thousand twelve-d] THREE THOU-
54 SAND TWELVE-B of this article, of either effective or highly effective
55 in at least [three] TWO of the [four] THREE preceding years, exclusive
56 of any breaks in service; provided that, notwithstanding any other
```

S. 8992                                14

1  provision of this section to the contrary, when a teacher or principal
2  receives an effective or highly effective rating in each year of his or
3  her probationary service except he or she receives an ineffective rating
4  in the final year of his or her probationary period, such teacher shall
5  not be eligible for tenure but the board of education, in its
6  discretion, may extend the teacher's probationary period for an addi-
7  tional year; provided, however, that if such teacher or principal
8  successfully appealed such ineffective rating, such teacher or principal
9  shall immediately be eligible for tenure if the rating resulting from
10 the appeal established that such individual has been effective or highly
11 effective in at least [three] TWO of the preceding [four] THREE years
12 and was not ineffective in the final year. At the expiration of the
13 probationary period, the classroom teacher or building principal shall
14 remain in probationary status until the end of the school year in which
15 such teacher or principal has received such ratings of effective or
16 highly effective for at least [three] TWO of the [four] THREE preceding
17 school years, exclusive of any breaks in service, and subject to the
18 terms hereof, during which time the trustees or board of education shall
19 consider whether to grant tenure for those classroom teachers or build-
20 ing principals who otherwise have been found competent, efficient and
21 satisfactory. Provided, however, that the trustees or board of education
22 may grant tenure contingent upon a classroom teacher's or building prin-
23 cipal's receipt of a minimum rating in the final year of the probation-
24 ary period, pursuant to the requirements of this section, and if such
25 contingency is not met after all appeals have been exhausted, the grant
26 of tenure shall be void and unenforceable and the teacher's or princi-
27 pal's probationary period may be extended in accordance with this subdi-
28 vision. Such persons who have been recommended for tenure and all others
29 employed in the teaching service of the schools of such school district
30 who have served the full probationary period as extended pursuant to
31 this subdivision shall hold their respective positions during good
32 behavior and efficient and competent service, and shall not be removable
33 except for cause after a hearing as provided by section three thousand
34 twenty-a or section three thousand twenty-b of this article. Failure to
35 maintain certification as required by this chapter and the regulations
36 of the commissioner shall constitute cause for removal.
37   S 13. Paragraph (b) of subdivision 1 and paragraph (b) of subdivision
38 2 of section 3014 of the education law, as added by section 5 of subpart
39 D of part EE of chapter 56 of the laws of 2015, are amended to read as
40 follows:
41   (b) Administrative assistants, supervisors, teachers and all other
42 members of the teaching and supervising staff of the board of cooper-
43 ative educational services appointed on or after July first, two thou-
44 sand fifteen, shall be appointed by a majority vote of the board of
45 cooperative educational services upon the recommendation of the district
46 superintendent of schools for a probationary period of not to exceed
47 [four] THREE years; provided, however, that in the case of a teacher who
48 has been appointed on tenure in a school district within the state, the
49 board of cooperative educational services where currently employed, or
50 another board of cooperative educational services, and who was not
51 dismissed from such district or board as a result of charges brought
52 pursuant to section three thousand twenty-a or section three thousand
53 twenty-b of this article, the teacher shall be appointed for a proba-
54 tionary period of [three] TWO years; provided that, in the case of a
55 classroom teacher, the teacher demonstrates that he or she received a
56 composite annual professional performance review rating pursuant to

S. 8992                                  15

 1 section [three thousand twelve-c or three thousand twelve-d] THREE THOU-
 2 SAND TWELVE-B of this [chapter] ARTICLE of either effective or highly
 3 effective in his or her final year of service in such other school
 4 district or board of cooperative educational services. Services of a
 5 person so appointed to any such positions may be discontinued at any
 6 time during such probationary period, upon the recommendation of the
 7 district superintendent, by a majority vote of the board of cooperative
 8 educational services.
 9    (b) On or before the expiration of the probationary term of a person
10 appointed for such term on or after July first, two thousand fifteen,
11 the district superintendent of schools shall make a written report to
12 the board of cooperative educational services recommending for appoint-
13 ment on tenure persons who have been found competent, efficient and
14 satisfactory and, in the case of a classroom teacher or building princi-
15 pal, who have received composite annual professional performance review
16 ratings pursuant to section [three thousand twelve-c or section three
17 thousand twelve-d] THREE THOUSAND TWELVE-B of this article, of either
18 effective or highly effective in at least [three] TWO of the [four]
19 THREE preceding years, exclusive of any breaks in service; provided
20 that, notwithstanding any other provision of this section to the contra-
21 ry, when a teacher or principal receives an effective or highly effec-
22 tive rating in each year of his or her probationary service except he or
23 she receives an ineffective rating in the final year of his or her
24 probationary period, such teacher shall not be eligible for tenure but
25 the board of education in its discretion, may extend the teacher's
26 probationary period for an additional year; provided, however that if
27 such teacher or principal successfully appealed such ineffective rating,
28 such teacher or principal shall immediately be eligible for tenure if
29 the rating resulting from the appeal established that such individual
30 has been effective or highly effective in at least [three] TWO of the
31 preceding [four] THREE years and was not ineffective in the final year.
32 At the expiration of the probationary period, the classroom teacher or
33 building principal shall remain in probationary status until the end of
34 the school year in which such teacher or principal has received such
35 ratings of effective or highly effective for at least [three] TWO of the
36 [four] THREE preceding school years, exclusive of any breaks in service,
37 during which time a board of cooperative educational services shall
38 consider whether to grant tenure for those classroom teachers or build-
39 ing principals who otherwise have been found competent, efficient and
40 satisfactory. Provided, however, that the board of cooperative educa-
41 tional services may grant tenure contingent upon a classroom teacher's
42 or building principal's receipt of a minimum rating in the final year of
43 the probationary period, pursuant to the requirements of this section,
44 and if such contingency is not met after all appeals have been
45 exhausted, the grant of tenure shall be void and unenforceable and the
46 teacher's or principal's probationary period may be extended in accord-
47 ance with this subdivision. Such persons shall hold their respective
48 positions during good behavior and competent and efficient service and
49 shall not be removed except for any of the following causes, after a
50 hearing, as provided by section three thousand twenty-a or section three
51 thousand twenty-b of this article: (i) Insubordination, immoral charac-
52 ter or conduct unbecoming a teacher; (ii) Inefficiency, incompetency, or
53 neglect of duty; (iii) Failure to maintain certification as required by
54 this chapter and by the regulations of the commissioner. Each person who
55 is not to be so recommended for appointment on tenure shall be so noti-

S. 8992                                16

```
 1 fied in writing by the district superintendent not later than sixty days
 2 immediately preceding the expiration of his or her probationary period.
 3    S 14. This act shall take effect immediately; provided, however, that:
 4    (a) the amendments to subdivisions 9 and 9-a of section 2852 of the
 5 education law made by sections five and five-a of this act shall take
 6 effect upon the state university charter school institute, in consulta-
 7 tion with the state education department, certifying that the cap of
 8 four hundred sixty charters has been reached, when upon such date the
 9 provisions of section four of this act shall be deemed repealed; and
10    (b) the state education department shall notify the legislative bill
11 drafting commission upon the occurrence of the enactment of the legis-
12 lation provided for in subdivision (a) of this section in order that the
13 commission may maintain an accurate and timely effective data base of
14 the official text of the laws of the state of New York in furtherance of
15 effectuating the provisions of section 44 of the legislative law and
16 section 70-b of the public officers law.
```