UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
YOUNG ADVOCATES FOR FAIR EDUCATION, :
:
                      Plaintiff, :        18-cv-04167 (ILG) (JO)
:
  - against - :
:
ANDREW CUOMO, in his official capacity, *et al.*, :
:
                      Defendants. :
------------------------------------------------------------- X

# DEFENDANTS' RESPONSE TO BRIEFS OF *AMICI CURIAE* FOOSTEPS, INC. AND THE CENTER FOR EDUCATIONAL EQUITY

                                                   BARBARA D. UNDERWOOD
                                                   Attorney General of the
                                                   State of New York
                                                   28 Liberty Street
                                                   New York, NY 10005

                                                   *Attorney for Defendants*

Andrew Amer
  Special Litigation Counsel
Yan Fu
  Assistant Attorney General
    *of Counsel*

Defendants Governor Andrew Cuomo, Chancellor Betty Rosa, and Commissioner MaryEllen Elia, sued in their official capacities (collectively, "Defendants"), respectfully submit this response to the briefs filed by *Amici Curiae* Footsteps, Inc. ("Footsteps") and The Center for Educational Equity ("CEE") in support of the motion for a preliminary injunction ("PI Motion") filed by Plaintiff Young Advocates for Fair Education ("YAFFED").

For the reasons set forth below, the submissions by Footsteps and CEE fail to address any of the issues presented on the PI Motion, and therefore do not fulfill the "primary function" of amici "'to provide supplementary assistance to existing counsel and [to] insur[e] a complete and plenary presentation of difficult issues so that the court may reach a proper decision'" on YAFFED's PI Motion. *See* Order entered on October 30, 2018 (Dkt. No. 55) (quoting *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)).

## Argument

### *AMICI*'S SUBMISISONS DO NOT ADDRESS STANDING, RIPENESS OR ANY OTHER FACTOR RELEVANT HERE UNDER THE APPLICABLE LEGAL STANDARD FOR A PRELIMINARY INJUNCTION

To succeed on its motion for a preliminary injunction, YAFFED must demonstrate: (1) a likelihood of success on the merits; (2) that it would suffer irreparable harm absent the injunction; (3) a balance of equities tipping in its favor; and (4) that an injunction is in the public interest. *See Stagg P.C. v. U.S. Dep't of State*, 673 F. App'x 93, 95 (2d Cir. 2016); *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Svcs.*, 769 F.3d 105, 110 (2d Cir. 2014); *Pope v. Cty. of Albany*, 687 F.3d 565, 570 (2d Cir. 2012). Neither of the briefs submitted by amici Footsteps and CEE addresses any aspect of this standard.

With respect to likelihood of success on the merits, the focus is on YAFFED's single claim that the amendment to New York Education Law § 3204(2) enacted on April 12, 2018 (the "Amendment") violates the Establishment Clause of the First Amendment. Accordingly,

YAFFED's challenge is to the *current version* of Education Law § 3204 rather than the law as it existed prior to passage of the Amendment earlier this year.

In arguing YAFFED has no likelihood of success on the merits, Defendants raise in their opposition two arguments: (i) YAFFED lacks standing; and (ii) YAFFED's claim is not ripe for adjudication in the absence of any application of revised guidelines by the New York State Education Department ("SED")[1] in determining whether the instruction provided by a relevant school is "substantially equivalent." Defendants did not venture beyond these threshold jurisdictional issues to address whether the Amendment violates the Establishment Clause because, consistent with their view that such a claim is not yet ripe, any analysis of the Amendment under Establishment Clause precedent must await the issuance and application of SED's revised guidelines.

The brief submitted by Footsteps presents the stories of former students who attended yeshivas in years past, as related by them in interviews conducted by counsel. The collected, anecdotal personal histories have no bearing on whether YAFFED has suffered injury in fact sufficient to confer standing. In fact, the brief does not mention YAFFED at all. Similarly, the Footsteps brief sheds no light on the issue of whether YAFFED's challenge to the Amendment is ripe for adjudication. There is no analysis or discussion of the language of the Amendment, the impact that revised guidelines interpreting and implementing the Amendment will have, or how the Court can adjudicate YAFFED's claim before revised guidelines have been applied. To the contrary, the Amendment is mentioned only once, in passing in the last line of the Conclusion section, and SED's ongoing efforts to revise its guidance is not mentioned at all.

---

[1] On November 20, 2018, SED issued revised guidelines related to substantial equivalence in non-public schools. Defendants will endeavor to meet and confer with YAFFED to discuss the impact of the revised guidelines on this action.

Nor does the Footsteps brief address even remotely any of the other prongs of the preliminary injunction standard – irreparable harm to YAFFED, balance of the equities, and the public interest relating to the Amendment. Indeed, the entire brief focuses on the quality of education historically provided by yeshivas *prior to the passage of the Amendment*. Consequently, the brief has no bearing on anything to do with the Amendment or YAFFED's constitutional challenge to the Amendment.

The brief by CEE similarly offers no assistance to the Court. CEE provides a historic account of the importance of civic education for children, from Thomas Jefferson to Horace Mann to the Supreme Court's landmark decision in *Pierce v. Society of Sisters* and the New York Court of Appeals' decision in the case initiated by Campaign for Fiscal Equity, an organization co-founded by CEE's Executive Director. None of this discussion sheds any light on whether YAFFED has suffered injury in fact as a result of the Amendment. Nor is there any discussion or analysis of the Amendment beyond the conclusory assertion that the Amendment "codif[ies] the idea that a predominately religious education can satisfy the requirements of a sound basic education" (CEE Brief at 4), an assertion that is not supported by the language of the Amendment, which places no limitation on the factors the Commissioner may consider in making the substantial equivalence determination for schools falling within its scope. Indeed, like YAFFED, CEE acknowledges that the impact of the Amendment is uncertain in the absence of SED's revised guidelines; CEE asserts that the Amendment "may deny" yeshiva students a substantially equivalent education, not that it necessarily will do so. *Id.* This uncertainty surrounding the impact of the Amendment is precisely why YAFFED's claim is not ripe.

And like Footsteps, CEE does not address in any meaningful way the other prongs of the preliminary injunction standard. CEE's brief is silent on whether there is any irreparable harm to

YAFFED.  Nor does CEE provide any discussion of the balance of equities or explain how the public interest will be served by enjoining enforcement of the Amendment and issuance of the revised guidelines while simultaneously conceding that the effect of the Amendment is uncertain without the benefit of the revised guidelines.  Notably, CEE's discussion of the "current state of education at New York's yeshiva schools" is based on YAFFED's September 2017 study and anecdotal stories of former yeshiva students reported in news articles, all of which discuss yeshiva education *before passage of the Amendment*.

## Conclusion

For the reasons set forth above, Defendants respectfully submit that the submissions by Footsteps and CEE provide no assistance to the Court on any issue that is relevant to YAFFED's PI Motion.

Dated:  New York, New York
        November 21, 2018

                                                   BARBARA D. UNDERWOOD
                                                   Attorney General of the State of New York

                                                 By:      /s/  Andrew Amer
                                                 Andrew Amer
                                                 Special Litigation Counsel
                                                 Yan Fu
                                                 Assistant Attorney General
                                                 28 Liberty Street
                                                 New York, New York 10005
                                                 (212) 416-6127
                                                 andrew.amer@ag.ny.gov

                                               Attorney for Defendants