Exhibit A

# Substantial Equivalency Review and Determination Process

Education Law §§3204, 3205, and 3210 require the Local School Authority (LSA) to ensure that students of compulsory school age (from six to sixteen or seventeen years of age) who reside within the boundaries of their school district are receiving an education. For children of this age educated in settings other than public schools, local public school officials must ensure that the education received by students is substantially equivalent to that received in district public schools.

The intent of the substantial equivalency determination process is to ensure that all students receive the education to which they are entitled under law. The determination process is a collaborative effort that is intended to be a mutually beneficial learning process for leaders of both public and nonpublic schools. In this context, references to nonpublic school settings refer to private religious or independent schools.[1]

For decades, the New York State Education Department (SED or "Department") has provided guidance for public school officials to determine the substantial equivalence of education provided in religious and independent schools. In response to questions from the field, the Department engaged in a consultative process for approximately two years to update the guidance. This update reflects current law, including the April 2018 amendments to Education Law §3204, and provides guidance and resources to support public school officials and leaders of nonpublic schools in meeting their respective responsibilities related to substantial equivalency requirements.

## I. Authority for Substantial Equivalency Determination

A) <u>Local School Authorities (LSA)</u>: It is the responsibility of the local school board (or the Chancellor in the case of nonpublic schools located in New York City) as the "school authority" to determine whether a substantially equivalent education is being provided in religious or independent schools.[2] To support the school board's determination, the superintendent who serves as the chief executive officer of the district and the educational system[3] or a designee (which may include a BOCES, where authorized under §1950 of the Education Law) performs a review.

LSAs are responsible for substantial equivalency determinations, except in the case of:

1. Registered high schools: Registered high schools have been reviewed and visited by SED staff as part of a determination of whether the school may be authorized to administer Regents examinations and confer Regents diplomas. In registering a nonpublic school, the Board of Regents has determined that such school is providing substantially equivalent instruction; such State action divests the LSA of authority to

---

[2] <u>see</u> Education Law §§2[12], 3204, 3210
[3] <u>see</u> Education Law §§1711[2][b] and [f], 2508[2] and [6]; 2566[2] and [7]

determine substantial equivalence locally.[4] A directory of nonpublic schools recognized* by the State, with a designation for those with registration status, is available at this site: http://www.p12.nysed.gov/irs/schoolDirectory/.

*NOTE: Recognition by the State is a term that means that SED is aware of a school's existence and is receiving annual updates to its enrollment data through the Basic Educational Data System (BEDS). There may be religious and independent schools that do not report this data to the State, as it is not mandatory that they do so. However, since the compulsory education law applies to all school age children, *the requirement that the instruction at a religious or independent school be substantially equivalent is not limited to schools recognized by the State*. LSAs must meet this obligation for all religious and independent schools within their boundaries.

2. Religious and independent schools that meet the statutory criteria described below.

B) <u>Commissioner of Education</u>: For certain religious and independent schools that meet the statutory criteria described below, the Commissioner of Education must determine whether such nonpublic schools are providing a substantially equivalent education.[5] The Commissioner will do so after an initial review by local school officials or their designees. Religious and independent schools that believe that they meet the criteria for the Commissioner to make the determination regarding substantial equivalence should inform the LSA representatives of this at the outset of a review. The LSA representative should use the checklist tool provided to confirm and document this eligibility. These materials can be found at the following link:
http://p1232.nysed.gov/nonpub/SubstantialEquivalency.html

To be eligible for a determination by the Commissioner, nonpublic schools must meet the following criteria:

1. They must be non-profit corporations (defined below);
2. They must have a bilingual program;
3. Elementary and middle schools must have an educational program that extends from no later than nine a.m. until no earlier than four p.m. for grades one through three, and no earlier than five-thirty p.m. for grades four through eight on the majority of weekdays; and
4. Secondary schools must have been established for pupils in high school who have graduated from an elementary school that provides instruction as described in Education Law §3204 and have an educational program that extends from no later than nine a.m. until no earlier than six p.m. on the majority of weekdays.

---

[4] <u>Appeal of Fusion Academy-Brooklyn</u>, 56 Ed Dept Rep, Decision No. 17,070
[5] Education Law §3204[2]

November 20, 2018 — Page **2** of **11**

*Non-profit corporations:*

For purposes of Education Law §3204(2), a non-profit corporation[6] is:
an independent, not-for-profit school whose corporate purpose includes offering educational services to students in any grades kindergarten through grade twelve[7]

*OR*

a not-for-profit religious corporation organized under the Religious Corporations Law whose corporate purpose includes offering educational services to students in any grades kindergarten through grade twelve.

## II. Review Timeline

Superintendents or their designees will begin to conduct substantial equivalence reviews on behalf of their school boards using the updated process during the 2018-2019 school year. LSA and nonpublic school leaders who will be involved in the review and determination process are expected to attend trainings offered by the Department.

Most superintendents or designees will be able to conduct reviews for their religious and independent schools during the 2018-2019 and 2019-2020 school years, but districts that have large numbers of religious and independent schools within their boundaries may need a longer period of time to complete reviews. All religious and independent schools will be visited as part of the process and initial reviews for all nonpublic schools within a district should be completed by the end of the 2020-2021 school year.

Superintendents or designees should plan to re-visit the religious and independent schools in their district on a five-year cycle. Between visits, school districts and their local religious and independent schools should keep each other informed of important information, such as changes in leadership, curriculum, school building locations, grade levels served, etc. We encourage school leaders to use other opportunities, such as discussions regarding federal Title services, to build a sustained, collaborative working relationship for the benefit of all students.

## III. Core Principles

Substantial equivalency reviews and determinations should be conducted in a flexible and inclusive manner and should be the result of a collaboration between the LSA and the

---

[6] Section 102(a)(5) and (10) of the Not-for-Profit-Corporation Law ("NPCL"), which is made applicable by Education Law §216-a to non-profit education corporations formed under Education Law §216, generally defines a not-for-profit corporation as being formed exclusively for a purpose(s), not for pecuniary profit or financial gain, for which a corporation may be formed under the NPCL, and no part of the assets, income or profit of which is distributable to, or inures to the benefit of, its members, directors or officers except to the extent permitted by law.

[7] Authorization to operate as an independent, not-for-profit school may be provided through the issuance of a charter by the Board of Regents (education corporation) or through the Consent of the Commissioner to an amendment to the corporate purposes of an existing corporation, which holds a certificate of incorporation or has been formed under the not-for-profit corporation laws of New York State.

religious or independent school. The following core principles are essential to the review process:

- Objective: Reviews and discussions are based on objective criteria, such as school and course schedules, textbooks, and other essential factors. Reviews focus on ensuring that students in the religious or independent school receive substantially equivalent instruction;

- Mindful: All school leaders recognize and respect parents' or persons in a parental relationship's legal right to choose among public, religious, and independent school options for their children. Reviews focus on ensuring that students have the opportunity to acquire core skills and to make academic progress, not demonstrating a perfect correspondence between public and nonpublic schools. Nonpublic schools do not need to be equal to their public school counterparts;

- Sensitive: LSA representatives understand that religious and independent schools often have different settings, calendars, assessments, and instructional methods from public schools. LSA representatives do not assume that religious and independent schools have the same resources or program as the public district. The LSA should understand that, in some cases, traditions and beliefs – religious or otherwise – will drive the curriculum and will be integrated into the delivery of the learning standards;

- Respectful: Public school leaders and religious and independent school leaders are open-minded and respectful of each other's communities, cultures, and needs; and

- Consistent: Public school leaders work with their colleagues in other public school districts and BOCES to develop consistent approaches to review and determination across local school districts. This will enable superintendents to be assured that resident students attending nonpublic schools in other districts are receiving a substantially equivalent education.

## IV. Review Resources

The Department will be providing a toolkit as well as trainings to assist both the LSA and religious and independent school officials to support and promote consistency in the determination process. The toolkit reflects the recent amendments to §3204 of the Education Law. (See: http://p1232.nysed.gov/nonpub/SubstantialEquivalency.html)

The toolkit includes a rubric with criteria aligned with current law and regulation and will be accessible on the Department's website. The toolkit establishes the expectations for both LSA and religious and independent school leaders and supports preparation for and implementation of the review process by all parties. The Department will also develop and maintain a list of frequently asked questions to help leaders in both sectors better understand and improve the determination process.

If the religious or independent school has been accredited (e.g., Middle States) within the last five years, the LSA representatives should take the accreditation materials into account as part of the review process.

V. **Review Requirements for Commissioner's Determination:**

Education Law §3204(2)(ii) and (iii) include specific requirements regarding the reviews of schools that meet the criteria for Commissioner's Determination.

<u>Grades 1-3 and 4-8</u>: For schools that meet the criteria for Commissioner's Review and teach grades one through three or grades four through eight, the determination by the Department shall include, but not be limited to, a consideration of whether:

- The curriculum provides academically rigorous instruction that develops critical thinking skills in the school's students, taking into account the entirety of the curriculum over the course of elementary and middle school;

- Instruction in English enables students to read fiction and nonfiction text for information and to use that information to construct written essays that state a point of view or support an argument;

- Instruction in mathematics prepares students to solve real-world problems using both number sense and fluency with mathematical functions and operations;

- Instruction in history enables students to interpret and analyze primary texts, to identify and explore important events in history, to construct written arguments using the supporting information from primary source material, and to demonstrate an understanding of the role of geography and economics in the actions of world civilizations;

- Students gain an understanding of civics and the responsibilities of citizens in world communities; and

- Instruction in science teaches students to gather, analyze, and interpret observable data to make informed decisions and solve problems mathematically, use deductive and inductive reasoning to support a hypothesis, and how to differentiate between correlational and causal relationships.

<u>Nonpublic High Schools</u>: For schools that meet the criteria for Commissioner's Determination and provide secondary education, the Department's consideration shall include, but not be limited to, whether the full curriculum, as outlined in statute, provides academically rigorous instruction that develops critical thinking skills in the school's students, the outcomes of which, taking into account the entirety of the curriculum result in a sound basic education.

VI. **Completing the Review – Local School Authority Determination**

A) *The religious or independent school appears to be substantially equivalent*

1. The superintendent or designee will inform the board of education in writing, which will vote and make the final determination in a regularly scheduled, public board meeting;

2. The LSA will send written notification to the administration of the nonpublic school and the LSA will provide a letter for the nonpublic school to distribute to the families of children in attendance;
3. The LSA will notify the State Office of Religious and Independent Schools (SORIS) by emailing SEReviews@nysed.gov; and
4. The superintendent or designee will share the finding with other the superintendents of school districts in which the students of the religious or independent school reside.

B) *The religious or independent school does not appear to be substantially equivalent.*

If local school officials have concerns about the substantial equivalence of the instruction provided by the religious or independent school, they will:

1. Inform the administration of the nonpublic school;

2. Provide written notification to the State Office of Religious and Independent Schools (SORIS) at SEReviews@nysed.gov, and follow the steps described below:

   a. The LSA and religious or independent school should work collaboratively to develop a clear plan and timeline, including benchmarks and targets, for attaining substantial equivalency in an amount of time that is reasonable given the concerns identified in the LSA review. SORIS staff may be of assistance in this process.
   b. The LSA should provide appropriate technical assistance, particularly regarding the availability of any resources for professional development that may support the religious or independent school as it meets the shared goal of substantial equivalence.
   c. During the period covered by the collaboratively developed timeline, all services that the LSA is required to provide to religious and independent schools and students (e.g., textbooks, special education, transportation, etc.) must be continued.
   d. If the concerns identified in the LSA review and preliminary determination are addressed appropriately, the LSA will go through the same notification process described in (A) above for a determination of substantial equivalency.

3. If the concerns cannot be remedied or if the religious or independent school does not make the changes necessary to achieve substantial equivalence, the LSA will:

   a. Notify the board of education, which will vote and make the final determination in a regularly scheduled, public board meeting, as described below.
   b. Notify the administration of the religious or independent school of the date on which the board of education will consider the matter of substantial equivalency.
   c. Notify the State Office of Religious and Independent Schools in writing (SEReviews@nysed.gov).

Board of education determination

- After careful consideration of the information provided by the religious or independent school during both the initial review and after the collaborative improvement process has occurred, the school board should vote publicly upon its determination.
- If the school board determines that the religious or independent school is providing substantially equivalent instruction, the LSA should go through the process described in (A).
- If the board of education makes a determination that the school does not meet the standard of substantial equivalency, then:

  - ❖ The LSA shall provide written notification to the administration of the nonpublic school and the parents or persons in a parental relationship of students attending the school of such determination and that the students will be considered truant if they continue to attend that school. The board will provide a reasonable timeframe (e.g., 30-45 days) for parents or persons in a parental relationship to identify and enroll their children in a different appropriate educational setting, consistent with Education Law §3204. The State Office of Religious and Independent Schools (SEReviews@nysed.gov) should be notified in writing of such determination.
  - ❖ Services such as textbooks, special education, and transportation must continue until the end of the reasonable timeframe specified above.
  - ❖ Consistent with Commissioner's Regulations 104.2, a nonpublic school that discontinues its operation may transfer pupil academic records to another school or agency upon written notification to the Commissioner and the chief school administrator in the district where the school is located.
    - o Such notification shall set forth the name and address of the school or agency to which the records will be transferred and the effective date of such transfer.
    - o In the event that pupil academic records are not transferred to another school or agency, the nonpublic school that has discontinued its operation shall transfer such records to the district of location, and the chief school administrator of such district shall be responsible for permanently maintaining such records in the same manner as they would the records of students who attend the district's public schools. The intended purpose is to protect the privacy of affected students' records as well as those students' ability to access those records as necessary.

## VII. Completing the Review – Commissioner's Determination

- The LSA conducts the review using the appropriate toolkit and arrives at a recommendation to be made to the Commissioner.

- The LSA forwards its recommendation and all materials used for the review to the Commissioner at SEReviews@nysed.gov. The LSA will retain a complete and accurate copy of its recommendation and related materials it submits to the Commissioner.
- The Commissioner reviews the materials submitted and may request additional information from the religious or independent school.

A) *The religious or independent school is found to be substantially equivalent.*

The Commissioner notifies the LSA and the administration of the nonpublic school of the determination.

B) *The religious or independent school does not appear to be substantially equivalent.*

If the Commissioner has concerns about the substantial equivalence of the instruction provided by the religious or independent school, then:

1. The Commissioner will notify the LSA and the administration of the nonpublic school of the preliminary determination, including the concerns identified that led to such determination.
2. The Commissioner will direct the LSA to work collaboratively with the nonpublic school to develop a clear plan and timeline, including benchmarks and targets, for attaining substantial equivalency in an amount of time that is reasonable given the concerns identified in the LSA review. SORIS staff may be of assistance in this process.
3. The Commissioner will also direct the LSA to submit such plan and timeline for the Commissioner's approval.
4. The Commissioner will review and approve the plan and timeline.
5. During the period covered by the collaboratively developed plan and timeline, all services that the LSA is required to provide to religious and independent schools and students (e.g., textbooks, special education, transportation, etc.) must be continued.

Resolution after the Commissioner makes a preliminary determination that a school does not appear to be substantially equivalent:

- If the LSA determines that the concerns identified in the Commissioner's preliminary determination have been addressed appropriately:
    - ❖ The LSA makes a recommendation to the Commissioner and provides supporting documentation.
    - ❖ The Commissioner will review the materials submitted and may request additional information from the religious or independent school prior to making a determination.
- If the concerns cannot be remedied or if the religious or independent school does not make the changes necessary to achieve substantial equivalence:
    - ❖ The LSA will notify the Commissioner.

- ❖ The Commissioner will review the materials submitted. The Commissioner may request additional information from the religious or independent school prior to making a determination, and the Commissioner or a designee may meet with the nonpublic school.

Commissioner's Determination

1. If the Commissioner determines that the religious or independent school is substantially equivalent based on the process described above, the LSA and nonpublic school leaders will be notified.

2. If the Commissioner makes a determination that the school does not meet the standard of substantial equivalency, then:

    a. The Commissioner will provide a letter to the administration of the nonpublic school and the parents or persons in a parental relationship of students attending the school of such determination. The Commissioner will provide a reasonable timeframe (e.g., 30-45 days) for parents or persons in a parental relationship to identify and enroll their children in a different, appropriate educational setting, consistent with Education Law §3204. Should the parents or persons in parental relationship to the students fail to comply with the Commissioner's directive to enroll in a different, appropriate educational setting, the students will be considered truant.
    b. Services such as textbooks, special education, and transportation must continue until the end of the reasonable timeframe specified above.
    c. Consistent with Commissioner's Regulations 104.2, a nonpublic school that discontinues its operation may transfer pupil academic records to another school or agency upon written notification to the Commissioner and the chief school administrator in the district where the school is located.
    d. Such notification shall set forth the name and address of the school or agency to which the records will be transferred and the effective date of such transfer.
    e. In the event that pupil academic records are not transferred to another school or agency, the nonpublic school that has discontinued its operation shall transfer such records to the district of location, and the chief school administrator of such district shall be responsible for permanently maintaining such records in the same manner as they would the records of students who attend the district's public schools. This will protect the privacy of affected students' records, as well as those students' ability to access those records as necessary.

**Appendix A: Responsibilities and Rights**

The responsibilities and rights of the parties involved in and affected by substantial equivalency determinations – some of which are described in the preceding guidance – are summarized below for easy reference:

Responsibilities/Rights of Parents or Persons in a Parental Relationship:

- If parents or persons in a parental relationship disagree with the determination of the board of education, they may file an appeal to the Commissioner within 30 days of the board's decision. Information on the appeals process may be obtained from the New York State Education Department's Office of Counsel website at: http://www.counsel.nysed.gov/appeals.
- If parents or persons in a parental relationship are notified that the nonpublic school their children are attending is not substantially equivalent, they must transfer their children to another appropriate educational setting (Education Law §§3204, 3205, 3210).

Responsibilities of the Local School Authority and Superintendent/Designee:

- When contacted by leader of a new nonpublic school in the school district, meet with the nonpublic school leader to build a productive working relationship and develop a timeline for review of substantial equivalency. To the extent possible, such review should begin prior to the opening of school and should be completed as soon as possible thereafter.
- Create a schedule for a cycle of regular substantial equivalency reviews and updates for the religious and independent schools within their boundaries. These should meet the core principles of objectivity, mindfulness, sensitivity, respect, and consistency described above.
- Report that a review has been conducted as well as the outcome of the review through the SED monitoring link in the business portal or via email to the State Office of Religious and Independent Schools (SEReviews@nysed.gov).
- Document and retain a finding of substantial equivalence and provide written confirmation to the religious or independent school.
- If a question or concern arises about the substantial equivalency of instruction in an established school, inform the nonpublic school, provide the nonpublic school the basis of the question or concern in writing, and contact the State Office of Religious and Independent Schools (SEReviews@nysed.gov).

Responsibilities/Rights of Religious and Independent School Leaders:

- When planning and opening a new school, provide written notification to the LSA in which the nonpublic school will be located.
- Communicate with the LSA upon establishment of a nonpublic school or as soon as possible if not done previously.
- Maintain a complete and accurate archive copy that includes detailed records of substantial equivalency determinations.

- Communicate any relevant changes in their instructional programming or other aspects that may have a bearing on substantial equivalence to the LSA superintendent or nonpublic school liaison (e.g., changes in leadership, curriculum, school building locations, grade levels served, etc.)
- Prepare, compile, and provide for review documentation needed for substantial equivalency determinations. The toolkit that will be made available on the SORIS website includes resources that are recommended for this purpose.
- Persons considering themselves aggrieved may file an appeal to the Commissioner within 30 days of the board's decision.