UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YOUNG ADVOCATES FOR FAIR
EDUCATION,

                Plaintiff,                            ORDER
                                                                        18-CV-4167

        - against -


ANDREW CUOMO, in his official capacity
as Governor of the State of New York,
BETTY ROSA, in her official capacity as
Chancellor of the Board of Regents of the
State of New York,
MARYELLEN ELIA, in her official capacity
as the Commissioner of the New York State
Education Department,

                Defendants.
----------------------------------------------------------x
GLASSER, Senior United States District Judge:

      *Amici* Parents for Educational and Religious Liberty in Schools, Agudath Israel of America, Torah Umesorah: National Society for Hebrew Day Schools, and United Jewish Organizations of Williamsburg (collectively, the "PEARLS Amici") request leave to participate in oral argument (ECF No. 64), which this Court previously set down for January 9, 2019. (12/11/2018 Electronic Order).

      The "primary function" of the *amicus* "is to assist the court when it has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties may be able to provide.' " *Young Americans For Fair Education v. Cuomo*, Case No. 1:18-CV-4167-ILG-JO, ECF No. 55 (E.D.N.Y. Oct. 30, 2018) (quoting *Ryan v. Commodities Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997)). "[T]he extent to which, if at all, an *amicus* should be permitted to participate lies solely with the discretion of the court." *U.S. v.*

1

*Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991) (citing *Alexander v. Hall*, 64 F.R.D. 152 (D.S.C. 1974)).

Clearly, this discretion extends to permitting *amici* to participate in oral arguments. *See, e.g., Rhode Island Hospitality Ass'n v. City of Providence ex rel. Lombardi*, 775 F.Supp.2d 416, 420 (D.R.I. 2011); *Alliance of Automobile Mfrs. v. Gwadowsky*, 297 F.Supp.2d 305, 308 (D. Me. 2003). In a case as complicated as this one, presenting "broad-ranging societal and constitutional issues," *Young Advocates For Fair Education v. Cuomo*, Case No. 1:18-CV-4167-ILG-JO, ECF No. 63 (E.D.N.Y. Dec. 18, 2018), neither the parties nor the *amici* can be expected to include in their briefs a preemptive answer for every question or reservation that may linger in the Court's mind. Counsel cannot (and is not expected to) muster every case favorable to their position, nor distinguish every unfavorable one. Indeed, excessive prolixity in a litigant's written submissions is frowned upon by the judiciary and will frequently run afoul of the local or individual rules of the court. In light of these inherent constraints, the purpose of oral argument is to afford counsel an opportunity to hear the Court's thinking and address any specific doubts the Court may have about the correctness of counsel's position. *See City of Coachella v. Harbor Real Asset Fund LP*, 2008 WL 11342971, at *2 (C.D. Cal. Mar. 31, 2008); *Carter v. Rosenberg & Estis, P.C.*, 1998 WL 150491, at *29 (S.D.N.Y. Mar. 31, 1998).

In this case, as the Court has previously observed:

> … the utility of *amici* submissions is particularly great, as the named defendants have moved to dismiss solely on procedural grounds and appear to have taken no position as to the constitutionality of the statute being challenged. . . . . It is precisely in cases such as these, where *amici* seek to furnish facts and arguments conspicuously omitted by the captioned parties, that they are not only helpful, but indispensable, to provide supplementary assistance to existing counsel and to insure a complete and plenary presentation of difficult issues . . . .

*Young Americans for Fair Education*, Case No. 1:18-CV-4167-ILG-JO, ECF No. 63 (internal citations and quotation marks omitted). Therefore, it is eminently appropriate for the PEARLS Amici to participate in oral argument, particularly to respond to Plaintiff's contention that the April 12, 2018 amendments to Education Law § 3204(2), L. 2018, ch. 59, pt. SSS, are unconstitutional.

The posture of this case is not unlike *Log Cabin Republicans v. U.S.*, 2011 WL 2683238 (9th Cir. Jul. 11, 2011), a constitutional challenge to since-repealed 10 U.S.C. § 654(b), implementing the policy commonly known as Don't Ask, Don't Tell. After reviewing the briefs filed by the parties, the Ninth Circuit observed that "it appears … that the United States is not prepared to defend the constitutionality of 10 U.S.C. § 654 . . . ." *Log Cabin Republicans*, 2011 WL 2683238, at *1. Accordingly, the Court ordered that "[i]f the Government chooses not to defend the constitutionality of § 654 . . . , the court may allow amicus curiae to participate in oral argument in support of constitutionality . . . ." *Id.* In the more recent case of *Lucia v. S.E.C.*, 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018), a constitutional challenge to the Securities and Exchange Commission's process for appointing administrative law judges, the Supreme Court appointed an *amicus* to brief and argue the case in defense of the existing appointment structure after the United States "switched sides" in 2017, during the pendency of the petition for certiorari, and effectively conceded the petitioner's arguments. *Id.* at 2051 and n. 2.

Here, too, the Office of the New York State Attorney General has not declared whether it is prepared to defend the Education Law amendments on their face.[1] Unless the PEARLS Amici

---

[1] There does not appear to be any requirement that the Office of the Attorney General defend the constitutionality of the statute on its merits, or even that it take a position one way or the other. It is noteworthy in this regard that, in cases where the constitutionality of a State statute is challenged but where the State itself is not a party, the Attorney General ***may***, but need not, intervene to defend the statute. *See* N.Y. Civ. Prac. L. & R. § 1012(b); N.Y. Exec. L. § 71(1); *see*

3

are represented at oral argument, the fate of this statute, with the potential to affect numerous communities across New York State, may very well go undefended.

Finally, although the Court thanks Footsteps, Inc. and the Center for Educational Equality for their valuable submissions in this matter, it declines to invite them to participate in oral argument. To the extent these *amici* contend that the Education Law amendments are unconstitutional, those arguments will be adequately represented by Plaintiff. By contrast, the PEARLS Amici are the ***only*** persons appearing in this matter who have expressly defended the statute on its merits.

Accordingly, the PEARLS Amici's request to participate in oral argument is **GRANTED**.

SO ORDERED.

Dated:   Brooklyn, New York
         December 27, 2018

/s
I. Leo Glasser                                      U.S.D.J.

---

*also Clement v. Durban*, — N.E.3d — , 2018 N.Y. Slip Op. 07693, 2018 WL 5928583, at *1 n. 2 (N.Y. Nov. 14, 2018) (Attorney General declined to intervene to defend constitutionality of a state statute).